UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SKYTEC, INC.,

                          Plaintiff,

     v.

LOGISTIC SYSTEMS, INC.,

                          Defendant.

No. 3:15-CV-02104-BJM

The Honorable Bruce J. McGiverin

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STAY THE PROCEEDINGS**

**TO THE HONORABLE COURT:**

On September 12, 2018, Plaintiff Skytec, Inc. ("Plaintiff" or "Skytec") filed a voluntary petition (the "Petition") for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101– 1532, the U.S. Bankruptcy Court for the District of Puerto Rico (the "Bankruptcy Court"). *See In re Skytec, Inc.*, Case No. 18-05288-11 (Bankr. D.P.R. Sept. 12, 2018) (the "Bankruptcy Case"). Approximately one hour later, Plaintiff filed a Motion to Stay the Proceedings (the "Motion") before this Court in the above-captioned case. The Motion requests two distinct remedies: first, to stay the instant case because of Plaintiff's filing of its bankruptcy petition, and second, to allow Plaintiff's counsel to withdraw from the representation due to an alleged conflict of interest. Dkt. 164. Defendant-Counterclaimant Logistic Systems, Inc. ("LogiSYS") hereby responds to Plaintiff's Motion as directed by the Court. Dkt. 165.

Plaintiff's filing of the Petition operates as an automatic stay of this proceeding. In particular, § 362(a)(1) of the Bankruptcy Code prohibits "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could

have been commenced before the commencement of the [debtor's] case under [the Bankruptcy Code], or to recover a claim against a debtor that arose before the commencement of the [debtor's] case under [the Bankruptcy Code]." 11 U.S.C. § 362(a)(1); *see also Whitman-Nieves v. P.R. Fed. Credit Union (In re Whitman-Nieves)*, 549 B.R. 440, 444 (Bankr. D.P.R. 2016) (comparing sections 362(a)(1) and 362(a)(6) of the Bankruptcy Code). The automatic stay remains in effect as to all matters subject to the stay, unless and until an order granting relief from the stay is obtained from the Bankruptcy Court, and renders any judicial orders obtained in violation of the stay void. *See Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 976 (1st Cir. 1997) (explaining that the automatic stay "remains in force until a federal court either disposes of the case . . . or lifts the stay" and holding that acts taken in contravention of the automatic stay are void). .

Accordingly, in the absence of an order from the Bankruptcy granting relief from the stay, any action taken in this case that could be considered against the interest of the Skytec as a debtor-in-possession is automatically stayed. Such action includes the request by Skytec's counsel to withdraw from representing Skytec, or any order further thereto, in the instant case.

Moreover, withdrawal of Skytec's counsel may not be necessary or proper, notwithstanding the inclusion of Skytec's counsel on Skytec's list of unsecured creditors filed in the Bankruptcy Case. Bankruptcy courts have allowed the continuing representation by prior litigation counsel of a debtor, subject to specific disclosures and waivers from creditors and the United State Trustee.[1] *See Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir. 1993) ("Section

---

[1] The amount listed in Debtor's preliminary schedules as owed to law firm Cancio, Nadal Rivera & Diaz, PSC (*see* Bankruptcy Case [ECF No. 1]) is not substantial in comparison to the work performed, the time invested in litigation and the pending matters in the herein stayed

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO
STAY - 2
Case No. 3:15-CV-02104-BJM

327(c) allows the appointment of counsel to represent the [debtor-in-possession], even where counsel represents a creditor, where the court finds no 'actual conflict of interest.'"); *accord Barroso Herrans v. Lugo Mender*, 364 B.R. 463, 481 (D.P.R. 2006) (explaining that bankruptcy judges, in their discretion, must determine whether the is a conflict of interest case-by-case, based on "the particular facts and circumstances of the case.") (citing *In re Martin*, 817 F.2d 175, 182 (1st Cir. 1987); *In re AroChem Corp.*, 176 F.3d 610, 621 (2nd Cir. 1999)) ("[W]here the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand.").

LogiSYS respectfully submits that, absent an order from the Bankruptcy Court granting relief from the automatic stay, this Honorable Court is precluded from entertaining Skytec's counsel's request to withdraw from representing Skytec in this proceeding because this proceeding was and remains automatically stayed upon the filing of Skytec's Petition. While LogiSYS does not contest the notice of automatic stay, it respectfully requests this Honorable Court refrain from entertaining the request that Skytec's counsel be permitted to withdraw.

---

proceeding. Therefore, to grant their withdrawal of representation in this proceeding before obtaining relief from stay from the Bankruptcy Court may not necessarily be in the best interests of Skytec's bankruptcy estate or its creditors. Such a determination is appropriately left to the discretion of the Bankruptcy Court in connection with a motion for relief from stay or application for retention of professionals by the debtor in in the Bankruptcy Case under applicable provisions of the Bankruptcy Code.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO
STAY - 3
Case No. 3:15-CV-02104-BJM

53147472.4

RESPECTFULLY SUBMITTED this 14th day of September, 2018.

*s/ Carlos A. Rodriguez Vidal*
Carlos A. Rodríguez Vidal
USDC PR 201213
Counsel for Logistic Systems, Inc.
Goldman Antonetti & Cordova, LLC
Post Office Box 70364
San Juan, PR 00936-8364
Crodriguez-vidal@gaclaw.com

*s/ Samuel T. Bull*
*s/ Lauren J. King*
*s/ Kelly Mennemeier*
Sam T. Bull
Washington State Bar No.:  34387
Lauren King
Washington State Bar No.:  40939
Kelly Mennemeier
Washington State Bar No.: 51838
*Pro Hac Vice* Counsel for Logistic Systems, Inc.
1111 Third Ave. Suite 3000
Seattle, WA 98101
Sam.Bull@foster.com
Lauren.King@foster.com
Kelly.Mennemeier@foster.com

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO
STAY - 4
Case No. 3:15-CV-02104-BJM

53147472.4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on September 14, 2018 the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all counsel of record.

Dated this 14th day of September, 2018 in San Juan, Puerto Rico.

*s/ Carlos A. Rodriguez Vidal*
Carlos A. Rodríguez-Vidal
USDC PR 201213
Counsel for Logistic Systems, Inc.
Goldman Antonetti & Cordova, LLC
Post Office Box 70364
San Juan, PR 00936-8364
Crodriguez-vidal@gaclaw.com

*s/ Samuel T. Bull*
*s/ Lauren J. King*
*s/ Kelly Mennemeier*
Samuel T. Bull
Washington State Bar No. 34387
Lauren King
Washington State Bar No. 40939
Kelly Mennemeier
Washington State Bar No. 51838
*Pro Hac Vice* Counsel for Logistic Systems, Inc.
1111 Third Ave. Suite 3400
Seattle, WA 98101
Sam.Bull@foster.com
Lauren.King@foster.com
Kelly.Mennemeier@foster.com

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO
STAY - 5
Case No. 3:15-CV-02104-BJM

53147472.4