# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**SKYTEC, INC.,**
 Plaintiff

**V.**

**LOGISTIC SYSTEMS, INC.,**
 Defendant.

Civil No. 15-2104 (BJM)

## AMENDED ORDER

 Logistic Systems, Inc. ("Logistic") moves the court to reconsider its award of attorney's fees in this diversity action between Logistic and Skytec, Inc. ("Skytec"). Dkt. 187. The court issued a final judgment in the case and applied a fifteen percent global reduction to Logistic's attorney's fees when Logistic submitted a motion for fees that did not include itemized hours. *See* Dkt. 169; Dkt. 184. Logistic now moves for reconsideration of that decision pursuant to Federal Rule of Civil Procedure 59(e).

 Rule 59(e) permits a party to file a motion to alter or amend a judgment within twenty-eight days of its entry. Fed. R. Civ. Pro. 59(e). Logistic contends that altering the judgment is appropriate because the court's ruling was "based on a manifest error of law or fact." *Rivera Surillo & Co. v. Falconer Glass. Indus. Inc.*, 37 F.3d 25, 29 (1st Cir. 1994); *Cherena v. Coors Brewing Co.*, 20 F. Supp. 2d 282, 287 (D.P.R. Sept. 18, 1998). Here, the court overlooked the itemized billing records submitted after the motion for fees and calculated its fee award with a global reduction attributed to the lack of records. *See* Dkt. 187 at 3 (citing Dkt. 184 at 7, 11). The law firms representing Logistic, Foster Pepper and Goldman Antonetti & Cordova, LLC ("GAC"), indeed submitted sufficient records. Dkt. 171. The court finds it appropriate to review the billing records and amend its award of attorney fees only. The expert fee and expense awards remain as entered. The following is a brief overview of the method for calculating attorney's fees, which can be found in depth at Docket No. 184, and an analysis of the submitted records at Docket No. 171.

### *Attorney's Fees*

Logistic claimed attorney's fees on three separate grounds, all of which applied in this diversity case: the subcontract agreements at issue, Law 75, and Puerto Rico Rule of Civil Procedure 44. The subcontract agreements required attorney's fees be reasonable. Ex. 2 at 9; Ex. 3 at 9; Ex. 4 at 9; Ex. 5 at 9. Law 75 lacks the reasonableness requirement, *see* 10 L.P.R.A. § 278e, and Rule 44.1 concerns awards in cases where the opposing party's malfeasance and general unreasonableness gave rise to the fee award. *See* P.R. R. Civ. Pro. 44.1(d).

The First Circuit applies the lodestar method to calculate attorney's fees. *Matalon v. Hynnes*, 806 F.3d 627, 638 (1st Cir. 2015). The court multiplies the reasonable hourly rate for each attorney by the number of hours that the attorney would have reasonably spent on the litigation, excluding redundant, unnecessary hours. *Id.* "A party seeking attorneys' fees is required to present evidence other than the attorney's own affidavits regarding the prevailing hourly rate." *Id.* Logistic did not do so here, although it did submit examples of attorneys' fees approved by the District of Puerto Rico in special bankruptcy proceedings in 2017. *See* Dkt. 181-1 at 1–3.

Here, Skytec objected only to the out-of-state rates claimed by Foster Pepper, a Washington State-based firm, and made no argument regarding the time billed by either Foster Pepper or GAC. On review of the hourly rates each firm claimed for its attorneys, the court found it appropriate to reduce the rates charged for both Foster Pepper and for GAC. *See Matalon v. Hynnes*, 806 F.3d 627, 638 (1st Cir. 2015) (courts determine "reasonableness" by looking at prevailing community rates for similar lawyers); *Libertad v. Sanchez*, 134 F. Supp. 2d 218, 231 (D.P.R. 2001) (factors affecting reasonableness of rates include who performed the work, the type of work, expertise required, and time of performance). Logistic requested that the court bear in mind Skytec's misconduct throughout the litigation, culminating in sanctions and the entry of default judgment, when determining what rates are reasonable in this case. Dkt. 169 at 8. The court is not convinced

that Puerto Rico Rule of Civil Procedure 44.1(d) contemplates any upward adjustment of fees and expenses.

### *Hourly Rates*

Puerto Rico law firm GAC recorded 1,098 hours expended during litigation by one partner and two associates. Dkt. 169-5 at 1–2. After its review, the court determined the appropriate hourly rates for the attorneys were $275 for partner Carlos A. Rodriguez Vidal, who billed 747.75 hours; $150 for associate Rosanna Rivero Marin ("Rivero"), who billed 297.75 hours; and $130 for associate Julybeth Alicea Rodriguez, who billed 52.5 hours. Dkt. 184 at 8–9.

Foster Pepper served as stateside counsel for Logistic, a Montana-based company, and billed 3,223.5 hours over the course of the litigation. Dkt. 169 at 12. Foster Pepper also gave Logistic a twenty percent discount on legal services. *Id.* at 10. The court determined that reducing Foster Pepper's stateside fees to reflect local market rates was appropriate. Dkt. 184 at 9–11 (citing *United States v. Funds Seized from Certain Domestic Bank Accounts Representing Proceeds of Narcotics Trafficking & Money Laundering*, Civ. No. 01-1260, 2004 WL 3365841, at *2–3 (D.P.R. Sept. 29, 2004)). The determined rates are $300 for firm members, the equivalent of partners, Samuel T. Bull, who billed 989.8 hours, and Lauren J. King ("King"), who billed 472.1 hours; $150 for associates Kelly Mennemeier, who billed 199 hours, and Spencer Coates, who billed 668.1 hours; and $75 for contract attorneys, paralegals, and research attorneys, who billed a total of 794.5 hours. Dkt. 184 at 10–11. As part of the lodestar method, the court must exclude unnecessary, excessive, or redundant hours from those billed. *Matalon*, 806 F.3d at 638.

### *Hours Billed*

After thoroughly reviewing GAC and Foster Pepper's billing records, I find only one billed task stood out as incommensurate with the skill of the attorneys performing the work. In February and March 2016, GAC associate Rivero spent between 40.25 and 46.5 hours translating government contracts and editing those translations. *See* Dkt. 171-4 at 16,

18–19. A few entries, on March 1 and March 2, note the translations are "as requested by client." Dkt. 171-4 at 18. Rivero charges $150 hourly for her work, which seems above the market price of translation costs. Moreover, the labor potentially duplicates other expenses.

Foster Pepper member King also translated documents. *See, e.g.*, Dkt. 171-1 at 3. While this likely sped the process of making Spanish-language documents available to English-speaking colleagues and clients, King bills at partner's rates. The court lowered her hourly rate to $300, which far exceeds a reasonable rate for translation work, however grueling a task it is. Rivero translated "government contracts" while King specifically translated the "LogiSYS 2015-16 contract." *See, e.g.*, Dkt. 171-4 at 16; Dkt. 171-1 at 41. It is unclear which specific contract King refers to, because the four contracts at issue in this case were made before 2015, but the fact that it needed translation implies that it was a Spanish-language contract; in this litigation, parties to such a contract almost certainly were Skytec and the Puerto Rico government.

The reported expenses Logistic seeks include $4,835.64 for "translation and interpretation expenses." Dkt. 169 at 13. The bulk of that reflects expenses for interpreters at the depositions taken in this case, but the billing records also reflect discussions among counsel regarding certified translations produce by official translators. *See id.*; *see, e.g.*, Dkt. 171-3 at 9 ("identify documents for which we need to get certified translations for trial;"); Dkt. 171-4 at 185 ("Review and revise certified translations for errors. Alert to errors and request corrections."). As a result, King's work may have duplicated work performed by Rivero or by the translation firm Logistic employed in this litigation. This makes two attorneys performing non-legal work that potentially duplicates that of a contracted translation firm. Their work should be compensated, but at a rate commensurate with the legal skill required by the task. *See Lipsett v. Blanco*, 975 F.2d 934, 940 (1st Cir. 1992) ("clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them"). Seventy-five dollars per hour, the rate the court approved for research attorneys and paralegals, will serve instead.

In February 2016, Rivero billed 6.25 hours to reviewing emails and starting her translation work. Dkt. 171-4 at 16. Based on her other billing records that month, it would be fair to estimate she spent two of those hours reviewing emails and the rest translating. In March 2016, Rivero billed 40.25 hours exclusively to translating and to reviewing and editing her translations. Dkt. 171-4 at 18–19. This lowers Rivero's total amount billed to $41,325.00. King translated for up to 2.2 hours in August 2015 and up to fifteen hours in April 2016. Dkt. 171-1 at 3, 41–42. On each of the days in question, translation appears as one of several tasks performed. King spent 2.2 hours on August 12 translating complaints and on a conference call about the complaints. Dkt. 171-1 at 3. Across three days in April, she translated and analyzed contracts while reviewing Skytec production. The court, examining the other substantive tasks that King performed on the three April days in which she also translated, finds it appropriate to reduce three hours billed for each April day and the time billed in August to two hours for translation. This reduces King's total billed to $139,155.00.

Accordingly, the court awards $883,353.75 in attorney's fees. GAC receives $253,781.25, and Foster Pepper receives $629,572.50. The awards of $101,047.92 in expenses, $32,847.40 in expert fees, and $3,269,048.00 in damages remain unaltered. Dkt. 184 at 4–5, 12.

## CONCLUSION

For the above reasons, default judgment should be **GRANTED**. I amend the judgment for Logistic against Skytec to the amount of **$4,286,297.07** on Logistic's state law claim for breach of contract.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 23rd day of May, 2019.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge